IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE BILLIPS, #Y28011,  **Plaintiff,**  v.  WEXFORD HEALTH SOURCES, INC., PERCY MYERS, CHRISTINE BROWN, BOB BLUMAND, and MITCHELL,  **Defendants.** | Case No. 23-cv-04003-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Joe Billips, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on June 17, 2022, he was taken to the hospital and diagnosed with appendicitis. When he returned to Pinckneyville Correctional Center (Pinckneyville), he continued to experience severe symptoms, including vomiting feces and blood and constant pain. Plaintiff wrote several medical requests to Dr. Myers, Nurse Practitioner Blumand, and Christine Brown,

from June 19, 2022, through August 13, 2022. He also wrote a grievance that was deemed emergent by Warden Mitchell, and staff still did not treat his ongoing medical issues. At some point, Plaintiff was told that his colon was infected, he would have to wait for a CT scan, and then he would be sent to see a gastroenterologist.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's serious medical needs.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Count 1 will proceed against Dr. Myers, Brown, and Blumand for failing to provide Plaintiff medical care and treat his ongoing medical issues relating to his appendicitis diagnosis.

Count 1, however, will be dismissed as to Wexford Health Sources, Inc. As a corporation, Wexford Health Sources, Inc. can only be liable for an unconstitutional policy or practice. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Plaintiff fails to point to any such policy or practice that caused him to be denied care by medical staff at Pinckneyville.

Likewise, Plaintiff has failed to state a claim against Warden Mitchell. Mitchell's only involvement in Plaintiff's medical care was reviewing Plaintiff's grievance and deeming the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

grievance an emergency. Mere receipt of a grievance from a prisoner, however, is insufficient to establish that a prison warden was personally involved in any deficient medical care provided to the prisoner. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of the plaintiff's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Neely v. Randle*, 2013 WL 3321451, at *3 (N.D. Ill. June 29, 2013) ("If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." (quoting *Gevas v. Mitchell*, 492 Fed.Appx. 654, 660 (7th Cir. 2012))). Accordingly, Count 1 is dismissed as to Mitchell.

### OFFICIAL CAPACITY CLAIMS

Plaintiff brings his claims against Defendants in their individual and official capacities, but he only seeks monetary damages. (Doc. 1, p. 15). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the official capacity claims are dismissed.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a for Recruitment of Counsel (Docs. 12), which is **DENIED.**[2] Plaintiff has provided insufficient information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Attached to the motion is a single sheet of paper containing three separate letters on the same page asking three individual attorneys to take his case. The letters do not explain the merits or facts of his case or contain any addresses or dates. Plaintiff has not provided any evidence that these letters were actually sent, such as payment vouchers or

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

return declination letters. Because he has not made this threshold showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Myers, Brown, and Blumand. **COUNT 1** is **DISMISSED without prejudice** as to Wexford Health Sources, Inc. and Mitchell. The Clerk shall terminate Wexford Health Sources, Inc. and Mitchell as defendants on the docket.

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Myers, Brown, and Blumand the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed

above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 6, 2024**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.