**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOE BILLIPS,** | ) | |
| **# Y28011,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 23-cv-4003-SPM** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **ET AL,** | ) | |
| | ) | |
| **Defendants.** | | |

## HIPAA QUALIFIED PROTECTIVE ORDER

**MCGLYNN, District Judge:**

The Court finds that good cause exists for the entry of a Qualified Protective Order pursuant

to the Health Insurance Portability and Accountability Act ("HIPAA") to prevent the unauthorized

disclosure and to direct the use of protected health information during the course of this litigation.

Accordingly, **IT IS ORDERED**:

1. All records produced by the parties to this litigation are produced subject to this

   Order.

2. This Order applies to any records produced by a covered entity, as defined by

   45 C.F.R. 160.103, which has received a request or subpoena for protected health

   information.

3. During the course of this litigation, it may be necessary for the parties or their

   attorneys to disclose Plaintiff's protected health information, as that term is defined

   under HIPAA and the Federal Regulations promulgated pursuant to that Act.

(a)     All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)     Protected health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)     Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

(1) The parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or providing adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2) The parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

**IT IS SO ORDERED.**

**DATED: 5/6/2024**

**s/ Stephen P. McGlynn**
Stephen P. McGlynn
United States District Judge

2