UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE BILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-04003-GCS |
| | ) |
| PERCY MYERS, | ) |
| CHRISTINE BROWN, | ) |
| and BOB BLUM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court are Defendant Percy Myers's ("Myers") and Defendant Bob Blum's ("Blum") motion for summary judgment on the issue of exhaustion of administrative remedies, (Doc. 43, 44), and Defendant Christine Brown's ("Brown") motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 46, 50).[1] Defendants argue that Plaintiff's grievance dated August 16, 2022, does not identify by name, describe, or otherwise attribute any conduct to them. Plaintiff opposes the motions. (Doc. 49). The Court held a hearing on the motions on April 24, 2025, heard testimony from John Barwick, Warden of Pinckneyville Correctional Center ("Pinckneyville"), Margaret Madole, with the Administrative Review Board ("ARB"), and Plaintiff, and took the matter under advisement. (Doc. 60). For the reasons delineated below, the Court **DENIES** the motions.

---

[1]   Defendants filed the required Federal Rule of Civil Procedure 56 notice informing Plaintiff of the failure to respond to the motion for summary judgment. *See* (Doc. 45, 47).

## PROCEDURAL BACKGROUND

Plaintiff Joe Billips ("Billips") is an inmate in the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center ("Menard"). On December 21, 2023, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville. (Doc. 1). Plaintiff alleges that on June 17, 2022, he was taken to the hospital and diagnosed with appendicitis. When he returned to Pinckneyville, he continued to experience severe symptoms, including vomiting feces and blood and constant pain. Plaintiff wrote several medical requests to Dr. Myers, Nurse Practitioner Blum, and Christine Brown, from June 19, 2022, through August 13, 2022. He also wrote a grievance that was deemed emergent by Warden Mitchell, and staff still did not treat his ongoing medical issues. At some point, Plaintiff was told that his colon was infected, he would have to wait for a CT scan, and then he would be sent to see a gastroenterologist.

On May 6, 2024, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and construed Plaintiff's allegations into the following count:

> **Count 1**: Eighth Amendment claim against Defendants Myers, Blum and Brown for deliberate indifference to Plaintiff's serious medical needs

(Doc. 16).

## FACTUAL BACKGROUND

The parties agree the relevant grievance related to the issues in this case is Plaintiff's emergency grievance dated August 16, 2022, # 2271-08-22. Thus, the Court will

consider only this grievance in determining whether Plaintiff has exhausted his administrative remedies.

In this August 16, 2022, emergency grievance, Plaintiff states:

> I've been having sever stomach pains for the past 2 in a half months. I was sent to the emergency room 6-17-22 and they told me I had appendicitis. Problem never resolved. It's gotten worse, I've spoken to health care and they believe it's something to do with my colon being infected or something along those lines. I'm waiting for a Cat scan to be approved and once I get that I suppose to go to a GI which is a stomach doctor. I've threw up shit and I haven't eaten for days at a time. I'm in constant pain and I feel sick all the time. I've been talking to the PA Mrs. Ashaini and she's been the only one who has the power to do anything actually helping me. The reason why I'm writing this is because I feel like something can get done because I know this is a serious matter.

(Doc. 44-1, p. 18). In the "Relief Requested," Plaintiff states: "I'm requesting that something happen, like the doctor appointment that was put in gets approved in a more appropriate time frame to see what's the matter and nothing had happen to me that's going to result in long-term medical problems." *Id*. at p. 18, 19. On August 23, 2022, the Grievance Officer recommended that Plaintiff's grievance be denied. The grievance officer, after discussing the issue with the Health Care Unit Administrator ("HCUA"), found that the PA had ordered Plaintiff a CT and once the prison was off quarantine, Plaintiff would be sent out accordingly. On September 14, 2022, the Chief Administrative Officer ("CAO") concurred. *Id*. at p. 17. On November 2, 2022, the ARB denied Plaintiff's grievance finding that it was appropriately addressed by the facility and that it was unqualified to dispute medical review. *Id*. at p. 16.

## LEGAL STANDARDS

Summary judgment is proper when a moving party cannot establish the presence

of a genuine dispute of material fact. *See* FED. R. CIV. PROC. 56(a). To survive a motion for summary judgement, the non-moving party must provide admissible evidence which would allow a reasonable jury to find in his or her favor. *See Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). Generally, the Court's role is to determine whether a genuine issue of material fact exists rather than evaluate the weight of the evidence, judge witness credibility, or determine the truth of the matter when determining the outcome for a motion for summary judgment. *See National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

However, in *Pavey v. Conley*, the Seventh Circuit held that, "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. 544 F.3d 739, 740-741 (7th Cir. 2008). Therefore, it is left to the Court to determine whether an inmate has exhausted his or her remedies when the affirmative defense of non-exhaustion is raised. If the court finds that the inmate failed to exhaust administrative remedies, then the inmate is given the opportunity to exhaust should time still permit or if the failure to exhaust was innocent. *Id.* at 742. If the court determines that the failure to exhaust was the inmate's fault, then the case is over. *Id.*

Under the Prison Litigation Reform Act ("PLRA"), which governs lawsuits filed by inmates, "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This coincides with the PLRA's statutory purpose of "afford[ing]

correction officials [the] time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). It affords prison administrators an opportunity to fix the problem, reduce damages, and shed light on the factual disputes that may arise in litigation. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

Inmates must follow their prison's administrative rules when attempting to exhaust their administrative remedies under the PLRA. *See Pozo*, 286 F.3d at 1023. Plaintiff is an inmate in the IDOC and is required to correctly follow the regulations contained in the IDOC's Grievance Procedures to properly exhaust his claims. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The Seventh Circuit requires strict adherence to a prison's grievance procedures to satisfy the requirements for exhaustion under the PLRA. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement cannot be satisfied if an inmate files untimely or procedurally defective grievances. *See Woodford*, 548 U.S. at 83. Additionally, an inmate must correctly complete all the steps outlined in the grievance procedures and is barred from filing suit prior to any step being completed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); 42 U.S.C. § 1997e(a). If an inmate fails to complete all the steps correctly to exhaust his claim, then "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. However, inmates are not required to exhaust administrative remedies that are unavailable to them which can occur if, "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner

from exhausting." *Dole*, 438 F.3d at 809.

The IDOC Grievance Procedures require that an inmate first file a grievance with a counselor at their correctional institution within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The Grievance must include, "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." *See* 20 ILL. ADMIN. CODE § 504.810(c). If the inmate is unsatisfied with the counselor's response, then the inmate can submit a formal grievance to the prison's grievance officer. *Id* at (a)-(b). The grievance officer must then review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). Within 60 days of the receipt of the grievance the grievance officer must report their findings and recommendations in writing to the CAO. *See* 20 ILL. ADMIN. CODE § 504.830(e). The CAO will then review the findings and recommendations and offer a written decision to the inmate. *Id*. The inmate can appeal the CAO's decision to the ARB within thirty days. *See* 20 ILL. ADMIN. CODE § 504.850(a). To do this correctly, the inmate is required to attach copies of the grievance officer's report and the CAO's decision to his appeal. *Id*. The ARB then submits its findings and recommendations to the Director who will issue the IDOC's final decision within six months. *See* 20 ILL. ADMIN. CODE § 504.850(d)-(e).

## DISCUSSION

Defendants asserts that this grievance does not sufficiently implicate their actions in relation to Plaintiff's medical care. Plaintiff counters that he did exhaust administrative remedies through this grievance as it was against all medical staff. Ultimately, the Court

believes the grievance sufficiently exhausts Plaintiff's administrative remedies as to Defendants because the grievance contains a reference to Plaintiff's complaints about his medical care on June 17, 2022, a date certain and a period of two months after that time.

Exhaustion of administrative remedies is an affirmative defense in an action against prison officials, and the burden of proof is on the officials. Here, the undersigned finds that Defendants have not met that burden, and that Plaintiff did exhaust his administrative remedies. "While grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject or is otherwise implicated in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible." *Williams v. Spiller*, Case No. 22-cv-756-RJD, 2024 WL 3673152, at *5 (S.D. Ill. Aug. 6, 2024) (citing ILL. COMP. STAT. § 504.810(c)). The Seventh Circuit has interpreted this as requiring an inmate to name individuals only to the extent practicable to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Glick v. Walker*, No. 09-2472, 385 Fed. Appx. 579, 582 (7th Cir. July 13, 2010). Thus, not naming the defendants in the grievance itself amounts to "'a mere technical defect' where the inmate sufficiently describes the alleged wrongdoing to allow prison officials a fair opportunity to respond." *Saffold v. Illinois Department of Corrections*, Case No. 18 C 3301, 2021 WL 4477930, at *7 (N.D. Ill. Sept. 30, 2021) (quoting *Maddox*, 655 F.3d at 722). So long as the "prison officials have been afforded an opportunity to address an inmate's claims internally prior to federal litigation, the

purpose of exhaustion has been met, and the prisoner has properly exhausted his available remedies." *Bandala-Martinez v. Bebout*, 188 F. Supp.3d 836, 842-843 (S.D. Ill. 2016) (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). Accordingly, an inmate is not required to provide personal notice of suit to an individual defendant through his grievance. *See Maddox*, 655 F.3d at 722 (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).

In this case, the Court believes that the grievance provided enough information to put the prison on notice as to the nature of Plaintiff's claim against Defendants. In this grievance, Plaintiff complains that he has had stomach issues for the past two months, and prior to that he was sent to the emergency room on June 17, 2022, and that he has spoken to health care. Thus, it is not a stretch that Plaintiff believes that medical staff and the health care unit – which includes Defendants – ignored or did not properly and timely address his medical issues. The information in the grievance should have made the facility aware of Plaintiff's claims. Moreover, the HCUA was mentioned in the grievance officer's report, thus, indicating Defendant Brown's potential responsibility and involvement for the lack of medical treatment. Furthermore, a review of the medical records could have revealed the relevant providers. *See, e.g.*, *Williams v. Luking*, Case No. 3:21-cv-00448-GCS, 2023 WL 317663, at *6 (S.D. Ill. Jan. 19, 2023) (noting that grievance provided sufficient notice to alert the prison that Plaintiff's quality of care was at issue and that prison officials were capable of identifying which providers were involved through review of Plaintiff's medical file); *Gordon v. Rogers*, Case No. 3:17-cv-1302-DRH-DGW, 2018 WL 6977338, at *1-2 (S.D. Ill. Oct. 16, 2018) (noting that after grievance officer contacted the HCU, the court found "grievance served its function of notifying the prison

there was a problem with the medical care" because it prompted a review of medical records); *Cox v. Lashbrook*, Case No. 3:16-cv-1096-NJR-DGW, 2018 WL 5904399, at *5 (S.D. Ill. April 26, 2018) (highlighting that "it could be no mystery to the prison who Plaintiff's treatment providers were[]" once the grievance officer reviewed medical records and contacted the health care unit); *Harper v. Henton*, No. 11-cv-406-MJR-SCW, 2012 WL 6595159, at *5 (S.D. Ill. Nov. 30, 2012) (asserting that prison administrators "could have easily viewed the medical records to determine which doctors and nurses treated Plaintiff or were responsible for his treatment[]" given that he provided enough details regarding his medical care*); Brown v. Pfister*, Case No. 18-cv-6042, 2021 WL 1722771, at *10 (N.D. Ill. April 30, 2021) (noting it was not necessary for the plaintiff to name the prison's medical director because he clearly complained about the lack of medical care, which "naturally called into question the provider of the medical care, including the person running the department.").[2] Therefore, the Court finds that Plaintiff exhausted his administrative remedies as to these Defendants.

## CONCLUSION

For the reasons delineated above, the Court **DENIES** Defendant Percy Myers's and Defendant Bob Blum's motion for summary judgment on the issue of exhaustion of administrative remedies, (Doc. 43), and Defendant Christine Brown's motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 46).

---

[2] Defendants attempt to distinguish the case at bar from the cases cited *supra* arguing that the grievance here did not give prison officials enough information and that Plaintiff did not claim that he had been denied treatment for his stomach complaints. The Court disagrees and finds Defendants' interpretation to be a narrow reading of the Plaintiff's grievance.

**IT IS SO ORDERED.**

**DATED:  September 16, 2025.**

Digitally signed by Judge Sison
Date: 2025.09.16 11:22:39 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**