**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOE BILLIPS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**PERCY MYERS,**<br>**CHRISTINE BROWN,**<br>**and**<br>**BOBBY BLUM,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:23-cv-04003-GCS** |

**SHOW CAUSE ORDER**

**SISON, Magistrate Judge:**

On June 29, 2026, Defendants Myers and Blum filed a motion to dismiss for want of prosecution. (Doc. 67). The Court set the matter for telephone hearing on August 26, 2026, and warned Plaintiff that the failure to attend may result in the dismissal of his case for failure to prosecute. (Doc. 69). The Court held the hearing on August 26, 2026, and Plaintiff failed to appear. (Doc. 70). Hence, the Court issued a Show Cause Order directing Plaintiff to Show Cause in writing why his case should not be dismissed for failure to prosecute. (Doc. 71). As of this date, Plaintiff has not responded to the Show Cause Order and has not responded to the motion to dismiss for want of prosecution.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. PROC. 41(b). In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error

"when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by failing to respond to the Court's Show Cause Order dated August 26, 2026, (Doc. 71), and the Court's Order dated July 15. 2026, ordering Plaintiff to attend the hearing on the motion to dismiss for want of prosecution. (Doc. 69). The Court has 175 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 23, 2026.**

Digitally signed by Judge Sison
Date: 2026.09.23 10:04:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**